# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DAVID MITCHELL, ET AL., § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2-07CV-332 |
| § | |
| CATERPILLAR, INC. § | |
|     Defendant. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. §§ 1404(a),(b) (Docket Entry #14). After considering the filings of the parties and the applicable law, the court DENIES the Motion for the reasons expressed below.

**I.  Background**

Plaintiffs David Mitchell and Frances Mitchell ("Mitchells") brought this products liability suit against Defendant Caterpillar, Inc. ("Caterpillar") individually and as heirs of the estate of Thomas Mitchell, who was killed while operating equipment manufactured by the Defendant. Plaintiffs allege negligence in the manufacture of the equipment as well manufacturing and design defects that rendered the equipment unreasonably dangerous. Plaintiffs are residents of Smith County, Wood County and Harris County, Texas. Defendant Caterpillar is a Delaware corporation headquartered in Peoria, Illinois.

**II.  Discussion**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a).

*Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "good cause" exists to transfer the case. *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 384 (5th Cir. 2007). "[T]o show good cause means that a moving party must demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citations omitted).

1.  **Private Factors**

    a.  <u>Plaintiff's Choice of Forum</u>

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The Plaintiffs chose to bring their suit in the Marshall Division. Plaintiffs' choice of forum is entitled to deference. *See In re Volkswagen*, 506 F.3d at 384. Therefore, this factor weighs heavily against transfer.

    b.  <u>The Convenience of the Parties and the Witnesses</u>

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The plaintiff resides in Smith County and Wood County, Texas and Defendant's headquarters are located in Peoria, Illinois. Defendant's party witnesses and experts are most likely not from either the Tyler Division or the Marshall Division. The difference in distance necessary for the parties and their witnesses to travel to either the Tyler Division or the Marshall Division is negligible. Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Courts regularly consider whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. This is a products liability case. Most of the non-party witnesses that the Defendant has

identified live within the Tyler Division. *Defendant's Motion*, p. 6. Although it is argued that the distance to be traveled to the Marshall division for these witnesses is further than the distance to the Tyler division, it cannot be said that the difference is significant. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 506 F.3d at 386 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The court believes that while this factor weighs slightly in favor of transfer to the Tyler Division, it cannot be dispositive of this motion.

  c. <u>The Place of the Alleged Wrong</u>

The events giving rise to the plaintiff's claims occurred in Smith County, Texas, which is in the Tyler Division. The court finds that this factor weighs in favor of transfer.

  d. <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Since both Divisions are located in the Eastern District of Texas, the availability of compulsory process will be the same in either the Tyler Division or the Marshall Division. The cost of obtaining the attendance of witnesses is not significant enough to tilt this factor either. Accordingly, this factor is neutral as to transfer.

  e. <u>The Availability and Location of Sources of Proof</u>

Defendant contends that all sources of proof including documents and physical evidence are located within the Tyler Division. *Defendant's Motion*, p. 6. The court is convinced that the documentary evidence could be transported easily from Tyler to the Marshall Division. Plaintiff contends that inspection of the failed equipment would be done at Lufkin. *Plaintiff's Response*, p.

4

1. Any such sources of proof can be transported from the inspection site or from the Defendant's headquarters just as easily to the Marshall Division as to the Tyler Division.

    f.    <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

    **2.**    **Public Interest Factors**

    a.    <u>The Administrative Difficulties Caused by Court Congestion</u>

Neither the Plaintiffs nor the Defendant address this factor in detail. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

    b.    <u>The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

Caterpillar is a national manufacturer of equipment that sells equipment throughout the Eastern District of Texas. In fact, the nearest Caterpillar equipment dealership is located in Longview, not too far from the Marshall Division. The citizens of the entire Eastern District have an interest in preventing the sale of defective products in this district and in the safety of the residents of this district. This factor is neutral as to transfer.

    c.    <u>The avoidance of unnecessary problems in conflict of laws</u>

Both the Tyler and Marshall Divisions are capable of applying the relevant Texas law to the plaintiff's claims of products liability. Therefore, this factor is neutral as to transfer.

5

**III.    Conclusion**

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Tyler Division is not warranted. The court finds that the competing factors do not justify disturbing the plaintiff's choice of forum. The court, therefore, DENIES Defendant's Motion for Change of Venue.

SIGNED this 10th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE